IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME MURRY, M06565, | |
| Plaintiff, | Case No. 24-cv-01874-SPM |
| v. | |
| JOHN MOLDENHAUER, and ALISA DEARMOND, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jerome Murry initiated this lawsuit while an inmate of the Illinois Department of Corrections pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on September 22, 2023, he started feeling pain in his genital area. (Doc. 14, p. 8). From September 22 through October 14, 2023, he submitted multiple sick call slips requesting to receive medical attention because he had started urinating blood and the pain in his genitals had increased. On October 20, 2023, he filed an emergency grievance requesting emergency medical care for his symptoms. (*Id.*).

Plaintiff was finally seen on November 30, 2023, by Defendant Alisa Dearmond, a nurse practitioner. (Doc. 14, p. 8). Dearmond prescribed Plaintiff "20 tabs of Bactrim DS." On December

15, 2023, Plaintiff was seen again by Dearmond. At this appointment, she prescribed him 100 mg Macrobid for ten days. Dearmond told Plaintiff that if his symptoms did not improve after taking the Macrobid then he would be referred to a urologist. Two days later, on December 17, Plaintiff submitted another grievance requesting to be sent to an outside hospital. Plaintiff was then prescribed Cipro and referred to a urologist. (*Id.*).

During one of his appointments with Alisa Dearmond, Plaintiff alleges that he told her about his family history of cancer and kidney stones. (Doc. 14, p. 9). Dearmond responded "well if you die, at least you will not be in pain no more." (*Id.*).

Plaintiff does not describe the event in detail, but he was sent to an outside hospital on February 9, 2024. (Doc. 14, p. 9).

On February 23, 2024, Plaintiff had an appointment with Defendant John Moldenhauer, a nurse practitioner. (Doc. 14, p. 9). Moldenhauer told Plaintiff that there was not any paperwork regarding his urology issues, including nothing documenting his trip to the hospital on February 9, the urine and blood tests previously performed, or the medications that Plaintiff had been prescribed. As a result, Moldenhauer prescribed Plaintiff more medication. (*Id.*).

Plaintiff states that he urinated blood and was in pain for approximately a year before he received surgery. (Doc. 14, p. 9). He asserts that due to negligence and incompetence on the part of Dearmond and Moldenhauer he suffered permanent damage to his genital area and now must take medication for the rest of his life. (*Id.*).

### DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following count:

**Count 1:**   Eighth Amendment claim against Moldenhauer and Dearmond for deliberate indifference to Plaintiff's serious medical condition of genital pain and urinating blood.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019).

Plaintiff has failed to state a claim against Defendant Dearmond. Plaintiff asserts that he was treated by Dearmond on November 30, 2023, and then again on December 15, 2023. He argues that because he had been in excruciating pain and urinating blood for over two months prior to his first appointment with Dearmond, she should have sent him to an outside hospital for treatment, rather than prescribing him medication. The Court cannot plausibly infer from the allegations that Dearmond acted with deliberate indifference in deciding to treat Plaintiff with two different antibiotics before referring him to a urologist. "[N]either medical malpractice nor a mere disagreement with a [medical professional's] medical judgment amounts to deliberate indifference." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Additionally, there is no indication that Dearmond had any knowledge of or involvement in the delayed scheduling. Plaintiff has pled only a disagreement with Dearmond's treatment decisions, and therefore, has failed to state a claim.

---

[1] *See Bell Atlantic, Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

As to Defendant Moldenhauer, however, Plaintiff has pled sufficient facts to establish a deliberate indifference claim. By the time Plaintiff saw Moldenhauer on February 23, 2024, he had been treated with three different medications, he had been hospitalized, and he had been subjected to various diagnostic testing. Plaintiff informed Moldenhauer of his medical history, yet Moldenhauer only continued with a course of ineffective medication. The fact that Moldenhauer did not have or did not review Plaintiff's medical records only supports the inference of deliberate indifference. *See Petties v. Carter,* 836 F. 3d 722, 729-30 (7th Cir. 2016) (continuing in a course of treatment known to be ineffective or choosing an easier and less efficacious treatment without exercising professional judgment could constitute deliberate indifference). Count 1 will proceed against Moldenhauer.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Moldenhauer but is dismissed as to Dearmond. Because there are no surviving claims against Dearmond, the Clerk of Court **SHALL TERMINATE** her as a party on the docket.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Moldenhauer the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant needs only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 29, 2025**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.